# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RAYMUNDO VILLANUEVA GOVEA,**

        **Petitioner,**

-vs-                                                   Case No. 6:09-cv-137-Orl-19GJK

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____

## ORDER

This case comes before the Court on the following:

1. Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Raymundo Villanueva Govea (Doc. No. 1, filed Jan. 20, 2009);

2. Brief in Support of § 2255 Motion to Vacate/Set Aside or Correct Sentence by Petitioner Raymundo Villanueva Govea (Doc. No. 2, filed Jan. 20, 2009);

3. Motion to Dismiss Section 2255 Motion by Respondent United States of America (Doc. No. 5, filed Mar. 2, 2009); and

4. Motion in Opposition to Government's Response to Petitioner's § 2255 Motion by Petitioner Raymundo Villanueva Govea (Doc. No. 7, filed Mar. 16, 2009).

## Background

Petitioner was charged in a two-count indictment with: (1) conspiracy to possess with intent to distribute five or more kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute five or more kilograms of a mixture and substance containing a detectable amount of cocaine

hydrochloride in violation of 21 U.S.C. § 841(a)(1). (Criminal Case No. 6:08-cr-14-Orl-19GJK, Doc. No. 10, filed Jan. 16, 2008).[1] On March 13, 2008, pursuant to a written plea agreement (Criminal Case Doc. No. 31, filed Mar. 5, 2008), Petitioner entered a plea of guilty as to Count I before Magistrate Judge Gregory J. Kelly. (Criminal Case Doc. No. 49, filed Mar. 13, 2008.) Magistrate Judge Kelly entered a Report and Recommendation, recommending that the guilty plea be accepted and that Petitioner be adjudicated guilty. (Criminal Case Doc. No. 52, filed Mar. 13, 2008.) This Court accepted the plea and adjudicated Petitioner guilty as to Count I. (Criminal Case Doc. No. 57, filed Mar. 19, 2008.) A sentencing hearing was conducted, and on July 22, 2008, the Court entered a Judgment sentencing Petitioner to a one hundred ten (110) month term of imprisonment to be followed by a three-year term of supervised release. (Criminal Case Doc. No. 76). Count II was dismissed pursuant to the Plea Agreement. (Criminal Case Doc. Nos. 74, 31 at 2.)

Petitioner signed an Acknowledgment of Right to Appeal at the sentencing hearing. (Criminal Case Doc. No. 75, filed July 22, 2009.) Petitioner did not directly appeal his conviction or sentence within ten days of the entry of judgment as directed by the Acknowledgment of Right to Appeal. The Court then entered an Order on August 8, 2009, directing Petitioner to file within ten days a declaration that his election not to file a notice of appeal was his informed and voluntary choice. (Criminal Case Doc. No. 78, filed Aug. 8, 2009.) The Order stipulated that failure to respond would be deemed an acknowledgment by Petitioner that his election not to appeal was an informed and voluntary choice. (*Id.*) Petitioner did not respond to the Order.

---

[1] Criminal Case No. 6:08-cr-14-Orl-19GJK will be referred to as "Criminal Case."

Petitioner timely filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, asserting three grounds for relief: (1) violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution for being indicted on one count of violating 21 U.S.C. § 841 and one count of violating 21 U.S.C. § 846 (Doc. No. 2 at 5-6); (2) failure by the Government to prove all of the essential elements of 21 U.S.C. § 846 (Doc. No. 2 at 8-9); and (3) significant over-representation by the Government of the seriousness of Petitioner's criminal history, warranting a downward departure from the guidelines. (Doc. No. 2 at 9.) The Government filed a response to the Section 2255 Motion. (Doc. No. 5.) Petitioner filed a reply to the response, alleging ineffective assistance of counsel for (1) failure to raise the aforementioned Double Jeopardy issue on direct appeal; and (2) failure to inform Petitioner of the consequences of accepting the plea agreement. (Doc. No. 7 at 1-3.)

## Standard of Review

**I.  Relief**

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2009). If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must "clear a significantly higher hurdle than would exist on direct

appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

**II.     Hearing**

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir.1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

**Analysis**

**I. Sentence-appeal Waiver**

Pursuant to the appeal waiver provision of Petitioner's plea agreement, Petitioner agreed that

> this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and *expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground*, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds that statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [Petitioner] is

> released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

Criminal Case Doc. No. 31 at 14 (emphasis added). Before determining whether the sentence-appeal waiver bars Petitioner's claims here, it is appropriate to determine whether the sentence-appeal waiver is valid.

### A. Validity of Sentence-appeal Waiver

Sentence-appeal waivers are valid if made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *see also United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing."). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

During the plea colloquy, Petitioner identified his plea agreement and indicated that it was interpreted in Spanish for him, that he understood the terms of the plea agreement, that he signed the plea agreement, and that he discussed the plea agreement with counsel:

> THE COURT: Mr. Govea, you've just been provided a document. Is that your plea agreement?
>
> THE DEFENDANT (Through Interpreter): Yes. Yes.
>
> THE COURT: And that's the document that was interpreted for you from English to Spanish before you signed it, is that correct, sir?
>
> THE DEFENDANT (Through Interpreter): Yes.
>
> THE COURT: Did you initial each page of the document, sir?

>THE DEFENDANT (Through Interpreter): Yes.
>
>THE COURT: And does your signature appear on page 19 of the document?
>
>THE DEFENDANT (Through Interpreter): Yes. Yes.
>
>THE COURT: And, Mr. Johnson, did you sign this document on page 19 as well?
>
>MR. JOHNSON: Yes, I did, Your Honor.
>
>THE COURT: Mr. Govea, did you discuss this plea agreement with your counsel before you signed it?
>
>THE DEFENDANT (Through Interpreter): Yes.
>
>THE COURT: Do you think that you understand the terms of the plea agreement, sir?
>
>THE DEFENDANT (Through Interpreter): Yes.
>
>THE COURT: Was this plea agreement negotiated with the assistance of your counsel, Mr. Johnson?
>
>THE DEFENDANT (Through Interpreter): Yes.

(Criminal Case Doc. No. 85 at 13-15, filed Mar. 31, 2008.) Petitioner further acknowledged his understanding that he would be waiving certain rights by entering into the plea agreement, including the right to appeal and to collaterally attack his sentence except in limited circumstances:

>THE COURT: Do you understand that as stated in section B 5 of your agreement that if you enter a guilty plea, you'll be waiving the right to appeal your sentence except in certain limited circumstances specifically outlined in the agreement, sir?
>
>THE DEFENDANT (Through Interpreter): Yes.
>
>THE COURT: Do you understand that if you enter into this plea agreement and it's accepted by the court that will constitute a waiver of your right to claim ineffective assistance of counsel in regard to this matter, sir?
>
>THE DEFENDANT (Through Interpreter): Yes.

>THE COURT: And do you further understand that if this plea agreement is accepted by the court, you'll be waiving your right to appeal whether or not you are guilty of count one of the indictment, sir?
>
>THE DEFENDANT (Through Interpreter): Yes.

(*Id.* at 18-19.) Petitioner also twice acknowledged that he was not coerced, intimidated, or pressured into entering the plea agreement. (*Id.* at 13, 35.) In light of the thorough and comprehensive plea colloquy, Petitioner knowingly and voluntarily entered into the plea agreement, and thus the sentence-appeal waiver is valid.

### B. Effect of Valid Sentence-appeal Waiver

Finding that the sentence-appeal waiver is valid, the Court must determine whether Petitioner's challenges here are barred by the sentence-appeal waiver. The plea agreement prohibits Petitioner from collaterally challenging his sentence on any ground except "(a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds that statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution." (Criminal Case Doc. No. 31 at 14.)

Petitioner collaterally attacks his sentence on the grounds of, *inter alia*,[2] double jeopardy, failure to establish the elements of conspiracy under 21 U.S.C. § 846, and significant over-representation of the seriousness of his criminal history warranting a downward departure from the guidelines. (Doc. No. 2 at 5-6, 8-9.) None of these grounds fall within the exceptions to the

---

[2] Petitioner also appears to attack his sentence on the grounds of ineffective assistance of counsel (Doc. No. 7 at 3), which is discussed *infra* part II.

sentence-appeal waiver permitting collateral attack of Petitioner's sentence. Therefore, these claims by Petitioner are barred from review by this Court.

## II. Ineffective Assistance of Counsel

Petitioner has asserted that his counsel rendered ineffective assistance by (1) failing to appeal his conviction under 21 U.S.C. § 846 on the grounds that it violated the Double Jeopardy Clause; and (2) failing to inform Petitioner of the consequences of accepting a plea agreement. (Doc. No. 7 at 1-3.) To obtain an evidentiary hearing on these matters, Petitioner must allege sufficient facts which, if proven, would entitle him to relief. *Smith*, 170 F.3d at 1053.

### A. Ineffective Assistance Claim for Failure to Appeal

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland v. Washington*, 466 U.S. 668 (1984),[3] applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The *Roe* Court also recognized the long-established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 477 (citations omitted). Such an omission would be prejudicial to Petitioner, even absent a showing of any viable grounds for appeal. *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("[A] defendant is prejudiced where his attorney fails to file an

---

[3] The United States Supreme Court in *Strickland* established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

appeal after being requested to do so, even after the defendant pled guilty. In this situation, the defendant is entitled to an out-of-time-appeal, even without showing whether or not there are any viable grounds for such an appeal.").

In cases where the defendant has not conveyed his wishes one way or another regarding the filing of a notice of appeal, the *Roe* Court held as follows:

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id*. at 480. "In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. (citation omitted). A highly relevant factor will be whether the conviction was the result of a guilty plea because a guilty plea reduces the scope of appealable issues and may indicate that the defendant seeks an end to judicial proceedings. *Id*. at 480. Even in cases where the defendant pleads guilty, the Court must consider whether the defendant received the sentence bargained for as part of the plea, and whether the plea expressly reserved or waived some or all appeal rights. *Id*. at 480.

In this case, Petitioner does not allege that counsel disregarded Petitioner's instructions to appeal. Thus, this Court must determine whether there was reason for counsel to think either (1) a rational defendant in Petitioner's position would have wanted to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that Petitioner reasonably demonstrated to counsel that he was interested in appealing. *Roe*, 528 U.S. at 478, 480. The fact that Petitioner pled guilty is not dispositive of these issues but weighs in favor of finding that counsel was not ineffective. *Id.* at 480.

Petitioner's allegations do not satisfy either prong under *Roe*. First, Petitioner alleges no

facts which would have indicated to counsel that a rational defendant in Petitioner's position would have wanted to appeal. Petitioner pled guilty and entered into a plea agreement pursuant to which Petitioner waived his rights to appeal and to collaterally attack his sentence except in certain limited circumstances. *See supra* Part I.A. Moreover, the alleged basis for Petitioner's appeal, that his conviction for 21 U.S.C. § 846 violates the Double Jeopardy because a conspiracy under Section 846 is a lesser included offense of possession under Section 841, is wholly without merit. *See United States v. Horn*, 946 F.2d 738, 744 (10th Cir. 1991) ("[P]ossession, possession with intent to distribute, and distribution are not lesser included offenses of conspiracy to commit these same offenses."); *see also Gusikoff v. United States*, 620 F.2d 459, 464 (5th Cir. 1980);[4] *United States v. Garcia*, 589 F.2d 249, 251 (5th Cir. 1979). Because Petitioner's only alleged ground for appeal is contrary to well-settled law, counsel had no reason to believe that a rational defendant in Petitioner's position would have wanted to appeal.

Second, Petitioner does not allege that he demonstrated to counsel that he was interested in appealing. Rather, the procedural history in Petitioner's criminal case indicates that he never intended to appeal. Petitioner signed an Acknowledgment of Right to Appeal at sentencing (Criminal Case Doc. No. 75) and failed to appeal within ten days of the entry of judgment. In addition, Petitioner did not respond to the Order dated August 8, 2009,[5] directing Petitioner to file within ten days a declaration stating whether his election not to file a notice of appeal was his informed and voluntary choice. (Criminal Case Doc. No. 78.) The Order specified that failure to

---

[4] The Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[5] This Order was mailed directly to Petitioner at the Orange County Jail. (*See* Criminal Case Doc. No. 78 and accompanying docket entry.)

respond would be deemed an acknowledgment by Petitioner that his election not to appeal was an informed and voluntary choice. (*Id.*) Because Petitioner did not respond to the Order, it must be concluded that Petitioner did not intend to file an appeal and was not prejudiced by counsel's failure to do so. Absent any factual allegations which, if true, would entitle Petitioner to relief, there is no basis for an evidentiary hearing to determine whether counsel was ineffective for failing to appeal.

**B. Ineffective Assistance Claim for Failing to Inform Petitioner of Consequences of Plea Agreement**

Although a valid sentence-appeal waiver precludes collateral attack of a sentence through a claim of ineffective assistance of counsel during sentencing, *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), a valid sentence-appeal waiver does not bar a claim that ineffective assistance of counsel rendered the plea itself unknowing or involuntary and thus invalid. *Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007). However, courts may reject a claim that a plea was invalid for ineffective assistance of counsel if such claim is contradicted by a petitioner's statements in the record. *Id.* at 975; *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[R]epresentations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Rule 11 of the Federal Rules of Criminal Procedure imposes three requirements on a Court before it may accept a plea of guilty: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Siegel*, 102 F.3d 477, 480 (11th

Cir. 1996). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id.* at 1012 (quotation omitted) (citations omitted).

At the plea colloquy, the Government stated the maximum term of imprisonment, fine, and forfeitures that Petitioner would face if he pled guilty, and Petitioner acknowledged that he understood those penalties. (Criminal Case Doc. No. 85 at 20-25; 27-28.) Petitioner also confirmed that all promises made to him by the Government were contained in the plea agreement and that the Court was not a party to the plea agreement. (*Id.* at 17.) The Court advised Petitioner that he would not be permitted to withdraw his guilty plea even if his sentence was different from what his attorney recommended, and Petitioner affirmed his understanding. (*Id.* at 26.) The Court further advised Petitioner of the rights that he was giving up by pleading guilty, and Petitioner acknowledged that he understood his rights.[6] (*Id.* at 28-30.)

The Court in this case conducted a thorough and comprehensive plea colloquy, and Petitioner unequivocally stated that he understood the consequences of pleading guilty and desired to do so. Petitioner's claim that counsel was ineffective for failing to inform Petitioner of the consequences of the plea agreement is directly contradicted by Petitioner's testimony at the plea colloquy. In addition, Petitioner does not dispute the veracity of his prior testimony. Because the record shows

---

[6] As discussed *supra* part I.A, Petitioner acknowledged the rights that he was waiving pursuant to the plea agreement, including the right to collaterally attack his sentence for ineffective assistance of counsel.

that Petitioner knowingly and voluntarily entered into the plea agreement and that the Court satisfied the requirements of Rule 11 of the Federal Rules of Criminal Procedure before accepting Petitioner's guilty plea, Petitioner's claim of ineffective assistance of counsel in pleading guilty should be rejected.

**Conclusion**

Based on the foregoing, the Court finds that Petitioner is not entitled to a hearing because his claims are either facially deficient or affirmatively contradicted by the record. Petitioner has not demonstrated that he is entitled to relief on any of the claims he has raised. Any allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Raymundo Villanueva Govea (Doc. No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:08-cr-14-Orl-19GJK and to terminate the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Criminal Case Doc. No. 83, filed Jan. 20, 2009) pending in that case.

Dated this 19th day of November, 2009 in

Orlando, Florida

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Raymundo Villanueva Govea
Counsel of Record